# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

RHONDA G. MILLS,

      Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION AS
TRUSTEE FOR THE LEHMAN XS TRUST,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-4N, *et al.*,

      Defendants.

**CASE NO.: 1:12-cv-10937-JLT**

## DEFENDANTS' OBJECTION AND RESPONSE TO PLAINTIFF'S RULE 5.1 NOTICE OF CONSTITUTIONAL CHALLENGE [D.E. 24]

Defendants OneWest Bank, FSB *et al.* ("**Defendants**") provide the following objection and response to Plaintiff's Rule 5.1 Notice of Constitutional Challenge [D.E. 24] ("**Plaintiff's Notice**").

    1.    <u>Procedural Objection</u>.

Plaintiff's Notice exceeds the scope of Federal Rule of Civil Procedure 5.1, which merely states, among other things, that a party challenging the constitutionality of a state statute must file a "notice" of the constitutional question "stating the question and identifying the paper" (pleading, written motion, etc.) raising the question. FED. R. CIV. P. 5.1(a)(1). In addition to stating the question and identifying the paper in which that question has been raised (*see* D.E. 24, pp. 1–2 & nn. 1–2), however, Plaintiff's Notice contains 12 pages of *additional* argument under the auspice of "The Constitutional Question Explained" (*see* D.E. 24, pp. 2–13). Before filing Plaintiff's Notice, the sum and substance of any constitutional challenge to Massachusetts

General Laws Chapter 183, Section 54B ("**Section 54B**") merely appeared on the last two pages of Plaintiff's Opposition to Defendants' Motion to Dismiss (and it was not very developed or supported by case law). *See* D.E. 16, pp. 19–20 & n.51. Plaintiff's Notice, however, presents detailed arguments concerning (1) substantive due process, (2) procedural due process, (3) equal protection, (4) de facto repeal, (5) facial unconstitutionality and (6) application unconstitutionality. All of those arguments could have been raised in Plaintiff's Opposition; however, they were not. Also, Plaintiff's Opposition already is 20 pages in length—the limit provided by Local Rule 7.1(b)(4) absent leave of court. Plaintiff should not be allowed to make an end-run around Local Rule 7.1(b)(4) and otherwise sandbag Defendants with additional substantive argument provided under the moniker of a Rule 5.1 notice. The Court should disregard the argument provided in Plaintiff's Notice in its entirety as a result.

    2.    <u>Substantive Response</u>.

Plaintiff's constitutional challenge and arguments miss the point; the application of Section 54B is not a matter of first impression; and Section 54B does not deprive mortgagors of any rights, let alone any rights secured by the Constitution of the Commonwealth of Massachusetts. Section 54B is straightforward in its wording and application. In relevant part, Section 54B provides that a mortgage assignment may be recorded if it is executed before a notary public by a person "purporting to" be an officer, an agent, or an authorized signatory of the entity holding the mortgage. *See* MASS. GEN. LAWS ch. 183, § 54B. As this Court has concluded before, if an assignor meets Section 54B's statutory prerequisites, the assignment is "presumptively valid" and the burden shifts to a plaintiff to plead "facts sufficient to challenge its validity." *See Peterson v. GMAC Mortg., LLC*, No. 11-11115-RWZ, 2011 WL 5075613, *4 (D. Mass. Oct. 25, 2011) (Zobel, J.); *see also Rosa v. Mortg. Elec. Sys., Inc.*, 821 F. Supp. 2d

423, 430 (D. Mass. 2011) (Saris, J.); *Kiah v. Aurora Loan Servs., LLC*, No. 10-40161-FDS, 2011 WL 841282, at \*7 (D. Mass. Mar. 4, 2011) (Saylor, J.); *Aliberti v. GMAC Mortg., LLC*, 779 F. Supp. 2d 242, 248–49 (D. Mass. 2011) (Gorton, J.). Plaintiff has not pleaded a single fact to challenge the validity of the MERS Assignment[1] in this case.

Furthermore, according to the Massachusetts Supreme Judicial Court, a trustee of a securitized trust may prove that it is the mortgage holder by proffering the schedule to the securitized trust that identifies the mortgage at issue. *See U.S. Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637, 651, 941 N.E.2d 40, 53 (2011); *see also Schwartz v. HomeEq Servicing*, 461 B.R. 93, 94–95 (Bankr. D. Mass. 2011) (recognizing *Ibanez*). Here too, Plaintiff has failed to plead a single fact challenging that U.S. Bank held the Mills Mortgage[2] as trustee of the securitized trust in which the Mills Loan[3] was pooled. In both cases, the burden shifted to Plaintiff to proffer sufficient facts to challenge the presumptions created by the very documents attached to or referenced in Plaintiff's own pleadings, as well as by Section 54B. Plaintiff has not, in any meaningful or sufficient way, met that burden under relevant federal pleading standards. Plaintiff's failure to do so does not create or support any legitimate challenge as to the constitutionality of Section 54B. Indeed, the question here is not about the constitutionality of Section 54B at all; but rather, it is about whether Plaintiff has pleaded sufficient facts to support her alleged fraud claims against Defendants as well as to challenge the presumptions that U.S. Bank, as trustee, lawfully held the Mills Mortgage and whether MERS, as U.S. Bank's nominee,

---

[1] Term defined in D.E. 15, p. 5.

[2] Term defined in D.E. 15, pp. 2–3.

[3] *See id.*

lawfully assigned that mortgage to OneWest prior to foreclosure.[4]  Based on Plaintiff's pleading and the relevant documents either attached to or referenced in that pleading, the answer to that question is, as a matter of law and fact, a resounding "no, Plaintiff has not met her burden."

Dated:  September 27, 2012

Respectfully submitted,

ONEWEST BANK, FSB, *et al.,*

By their attorneys:

/s/ David G. Thomas
David G. Thomas (BBO # 640854)
Russell P. Plato (BBO # 671087)
Greenberg Traurig, LLP
One International Place
Boston, Massachusetts  02110
Tel:  (617) 310-6000
Fax:  (617) 310-6001

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent all those non-registered participants on September 27, 2012.

/s/ David G. Thomas

---

[4] Notably, no other alleged mortgage holder has sought to foreclose on Plaintiff's property.